IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANE KISTNER, 15765-067,<br>         Petitioner,<br>v.<br><br>UNITED STATES OF AMERICA and WARDEN M. CRUZ,<br>         Respondents. | No. 3:11-CV-503-K |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2241.

Parties: Petitioner is currently incarcerated at the Federal Correctional Institution in Seagoville, Texas. Respondents are the United States and Warden Maureen Cruz.

Statement of Case: On March 10, 2011, Petitioner filed a motion to extend time to file a § 2241 petition. The Court construed the motion as a § 2241 petition. On April 25, 2011, Petitioner filed objections to the Court construing his motion as a petition, stating he only intended to file a motion for extension of time. On May 16, 2011, Petitioner filed a motion stating he did not oppose dismissal of his petition. On May 26, 2011, the Court informed Petitioner there is no statutory limitations for filing a § 2241 petition. The Court ordered Petitioner to either filed an amended petition containing all claims he wished to pursue, or file a voluntary motion to dismiss his petition. Petitioner has not responded to the Court's order.

Findings and Conclusions: Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)). Petitioner has failed to comply with the Court's order to either file an amended complaint or file a motion to voluntarily dismiss his petition. Accordingly, the petition should be dismissed without prejudice.

RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition be dismissed without prejudice for want of prosecution.

Signed this 15th day of July, 2011.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).